UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEVIN RUSSELL,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2327** |
| **GEICO CASUALTY COMPANY,**<br>    **Defendant** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is Plaintiff Devin Russell's Motion to Transfer to Section "A" and Consolidate with *Burrell, et al v. GEICO Casualty Company* (19-14711).[1] The motion is **DENIED**.

## BACKGROUND

This case arises out of an automobile accident on November 27, 2019 in which Plaintiff claims to have been injured. Plaintiff filed suit on July 7, 2020 in Civil District Court, Parish of Orleans, State of Louisiana against GEICO Casualty Company (hereinafter referred to as the "Russell action").[2] Plaintiff's uninsured and underinsured motorist insurance carrier is the Defendant. Plaintiff claims he was rear ended while driving in New Orleans, Louisiana. The Russell action was removed to federal court based on diversity jurisdiction on August 21, 2020.[3]

Plaintiff seeks to consolidate this action with *Burrell et al. v. GEICO Casualty Company* (19-14711), which arose out of an automobile accident that took place on August 25, 2018 (hereinafter referred to as the "Burrell action"). Plaintiffs in the Burrell action,

---

[1] R. Doc. 7. The Defendant opposes the motion. R. Doc. 9.
[2] R. Doc. 1-2.
[3] R. Doc. 1.

1

Devin Russell and Dwayne Burrell, filed a Petition for Damages on May 13, 2019, alleging they had suffered injuries as a result of the accident, naming as defendants Robert Phillips, the driver of the other vehicle; USAA Casualty Insurance Company, as Phillip's automobile liability carrier; and GEICO as Russell's underinsured and uninsured insurance carrier. Plaintiffs settled with Phillips and USAA. GEICO removed the Burrell action to federal court in an action now pending before Judge Zainey and Magistrate Judge North.[4]

Plaintiffs in the Burrell action filed a Motion and Notice for Leave to File Supplemental Pleading on May 26, 2020 seeking to amend the complaint to include Russell's claim for damages in the Russell action.[5] The motion was opposed by GEICO.[6] Plaintiffs' motion was denied by Magistrate Judge North, who determined "the amended claim is wholly unrelated to the facts and circumstances giving rise to the claims in this lawsuit."[7]

On August 24, 2020, Plaintiff filed a Motion to Transfer the Russell action to Section "A" and consolidate it with the Burrell action.

## LAW AND ANALYSIS

Local Rules 3.1 and 3.1.1 govern the transfer of cases between judges in this district. The rules require a collateral proceeding to be transferred to the section with the lowest docket number.[8] A collateral proceeding is one involving "subject matter that comprises all or a material part of the subject matter or operative facts of another action."[9] Although

---

[4] *Burrell et al v. Phillips, et al.*, 2:19-cv-14711, R. Doc. 1.
[5] *Id.* at R. Doc. 7.
[6] *Id.* at R. Doc. 14.
[7] *Id.* at R. Doc. 18.
[8] L.R. 3.1.1.
[9] L.R. 3.1.

Russell is a plaintiff in both the Russell action and the Burrell action, the cases arise out of two separate motor vehicle accidents. Further, the cases involve different injuries and likely different witnesses. A common plaintiff and a common defendant in two different automobile accident cases does not warrant a transfer. The allegations in the Russell action do not form "a material part of the subject matter or operative facts of … [the] action" pending in Section "A." Under the local rules, the Russell action is not transferable to the Burrell action.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Transfer the Russell Action to Section "A" and Consolidate with *Burrell, et al v. Phillips et al.* be and hereby is **DENIED**.

New Orleans, Louisiana, this 21st day of September, 2020.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**